IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MEDICAL LIABILITY MUTUAL
INSURANCE COMPANY                                                        PLAINTIFF

VS.                              NO.  4:05 CV 1319 JMM

ALAN CURTIS, L.L.C, d/b/a CRESTPARK
OF MARIANNA, INC.,; ALAN CURTUS;
EVERGREENE PROPERTIES OF NORTH CAROLINA,
L.L.C., AND ALAN CURTIS ENTERPRISES, INC.                                DEFENDANTS

### ORDER

Pending before the Court is the Defendants's Motion to Dismiss, and the Response and Supplement thereto.  The Defendants' Motion to Dismiss is denied (# 12).

### FACTS

Plaintiff Medical Liability Mutual Insurance Company (MLMIC) filed this declaratory judgment action to determine its obligations under two insurance policies purchased by Defendants herein.   Defendants own and operate a nursing home in Lee County, Arkansas, and were named as defendants in a lawsuit there.[1]  That lawsuit seeks both compensatory and punitive damages and alleges violations of the Arkansas Long Term Care Act, A.C.A. §20-10-1201, *et seq*., negligence based upon violation of regulations, common law negligence and the

---

[1] The lawsuit filed in Lee County Circuit Court is styled *Mary Redden Individually and as the Executor of the Estate of her Deceased Mother, Annie Redden v. Alan Curtis, L.L.C. d/b/a Crestpark of Marianna, Inc.; Alan Curtis; Evergreen Properties of North Carolina, L.L.C. d/b/a Crestpark Inn of Forrest City; Alan Curtis Enterprises, Inc.; and John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5*, No. CV-2005-28-1.

wrongful death of Annie Redden.  MLMIC has undertaken to defend that lawsuit under protest, and disputes coverage under the two policies.

The policies at issue are a Healthcare Facility Liability Policy (Primary) and a Supercover Umbrella and Excess Liability Policy (Supercover).  Defendant Evergreene Properties of North Carolina, L.L.C. (Evergreen) is the named insured under both policies.  Both policies are occurrence based, and cover the time period between January 15, 2000, and January 15, 2001.  Ms. Redden, the decedent in the underlying lawsuit, died in November, 2003, and the lawsuit in Lee County was filed on March 3, 2005

The Primary policy states, "occurrence coverage covers claims arising from incidents that occur while the policy is in force, regardless of when the actual claim is reported and whether the insured still maintains the policy."

## STATEMENT OF LAW

A motion to dismiss under Federal Rules of Civil Procedure 12 (b)(6) for failure to state a claim upon which relief can be granted, should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.  *Knapp v. Hanson*, 183 F.3d 786, 788 (8th Cir. 1999).  The Court takes all facts alleged in the complaint as true, and it must construe the allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiffs.  *Id.* *(citations omitted)*.

## ANALYSIS

Defendants allege that the policies do not contain limitations as to the ability of MLMIC

to assert statute of limitation defenses in the Lee County case based upon when the litigation was filed.  Defendants allege however, that the clear and unambiguous language of the policies impose on MLMIC a duty to defend and indemnify Defendants in the underlying lawsuit.

In the declaratory judgment complaint, MLMIC claims that, based upon the statutes of limitations in connection with each of the claims in the underlying suit, the policies do not cover the insured, as the occurrences for which the state plaintiffs seek damages fall outside the coverage period.   MLMIC does not deny its duty to defend, which is broader than the duty to indemnify, but does argue that it is entitled to reimbursement for all costs of defending because the policies do not ultimately cover the alleged violations.

Considering the allegations in the complaint in the light most favorable to the Plaintiff MLMIC, the Court finds that the Plaintiffs have stated a claim upon which relief could be granted.  Therefore, the Defendant's Motion to Dismiss is denied.

## CONCLUSION

The Defendant's Motion to Dismiss is denied (#12).

**IT IS SO ORDERED this  5th  day of January, 2006.**

**James M. Moody**
**United States District Judge**

3