IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MEDICAL LIABILITY MUTUAL
INSURANCE COMPANY                                                                    PLAINTIFF

VS.                                        NO.  4:05CV1319 JMM

ALAN CURTIS, L.L.C., d/b/a CRESTPARK
OF MARIANNA, INC.; ALAN CURTIS;
EVERGREENE PROPERTIES OF NORTH CAROLINA,
L.L.C., and ALAN CURTIS ENTERPRISES, INC.                                DEFENDANT

## ORDER

Pending before the Court is the Defendant's Motion to Transfer, seeking transfer of this declaratory judgment action to the Eastern Division of the Eastern District of Arkansas, and the Plaintiff's response thereto.  Defendants rely upon 28 U.S.C. §1404(a) and 28 U.S.C. §1406(a) as authority to transfer this case to another division within this district, stating that the underlying litigation is pending in Lee County, Arkansas[1], and "pretrial discovery, as well as testimony of witnesses at trial, will take place in and around the location of the nursing home, that being Marianna, Arkansas." *Memorandum Brief in Support of Defendant's Motion to Transfer*, p.1.  Finally, Defendants argue that in the interests of justice, because there is no connection with respect to any party and the Western Division of the Eastern District of Arkansas, this matter should be transferred to the Eastern Division.

---

[1]The underlying lawsuit is styled *Mary Redden Individually and as the Executor of the Estate of her Deceased Mother, Annie Redden v. Alan Curtis, L.L.C. d/b/a Crestpark of Marianna, Inc.; Alan Curtis; Evergreen Properties of North Carolina, LLC d/b/a Crestpark Inn of Forrest City; Alan Curtis Enterprises, Inc.; and John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5*, Lee County Circuit Court, No. CV-2005-28-1.

28 U.S.C. §1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Eighth Circuit Court of Appeals stated that in general, federal courts give considerable deference to a plaintiff's choice of forum, and that the party seeking the transfer typically bears the burden of proving that a transfer is warranted. *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). The Court lists the three factors as required in the statute for courts to consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. *Id*. at 691, *citing* (*Stewart Org., Inc. v. Ricoh Corp*., 487 U.S. 22, 29, 108 S.Ct. 2239, 2243-44, 101 L.Ed.2d 22 (1988); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)).

In assessing the factor of convenience of the parties, Plaintiff persuades the Court that the difference in location is not great, and for some parties, the Western Division Court located in Little Rock, Arkansas, is more convenient because of accommodations and the necessity that some parties travel into the state by air. There is a national airport located in Little Rock, Arkansas, while there is not a national airport located in Helena, Arkansas.

The convenience of the witnesses was not adequately addressed in the Defendant's Motion to Transfer, and thus the Defendants failed to meet their burden of proof.

In determining the interests of justice, the Court in Terra considered: judicial economy; the plaintiff's choice of forum; the comparative costs to the parties of litigating in each forum; each party's ability to enforce a judgment; obstacles to a fair trial; conflict of law issues; and the advantages of having a local court determine questions of local law. *Id*., at 696. Addressing these factors herein, it should be noted that in *Terra*, the Court had to determine whether the case

was to be heard in Iowa or Mississippi. Here, the divisions are separated by a little more than two hours of travel by interstate. However, some of the factors considered for the interests of justice would be relevant herein. Judicial economy would be well served in keeping the case in the Western Division, allowing the Court and its personnel to stay in place and continuing its docket uninterrupted. The Plaintiff herein objects to any transfer, preferring that the case remain in the Western Division where it was filed. Because of the close proximity of these divisions, costs would likely not be affected to a great extent for either party. Based on these, the Court is convinced that the interests of justice would be served by denying the motion to transfer.

Further the Defendants' Motion to Transfer is denied under 28 U.S.C. § 1406(a) because it applies only when venue is improper in the district or division within which a case is filed.

Therefore, the Defendants' Motion to Transfer is denied (# 18).

**IT IS SO ORDERED this    16th    day of February, 2006.**

**James M. Moody**
**United States District Judge**