IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


MEDICAL LIABILITY MUTUAL
INSURANCE COMPANY                                                    PLAINTIFF


VS.                         CASE NO.  4:05CV001319 JMM


ALAN CURTIS, L.L.C., D/B/A
CRESTPARK OF MARIANNA, INC., ET AL.                      DEFENDANTS


ORDER

Pending before the Court are Cross-Motions for Summary Judgment, and plaintiff's

Motion For Leave To Amend Complaint.  For the reasons stated below Plaintiff's Motion for

Summary Judgment is granted in part and denied in part (#81), Plaintiff's Motion For Leave To

Amend Complaint is granted (#80) and defendants' Motion for Summary Judgment is granted in

part and denied in part (#77).

Plaintiff seeks a declaratory judgment with respect to its rights and obligations under a

Healthcare Facility Liability Insurance Policy No. HPC 2938113 ("primary policy") and a

Supercover Umbrella and Excess Liability Policy No. HXC 298114 ("super policy") collectively

known as "the policies."  Defendants contend that they are entitled to indemnity and a defense

under the policies to a lawsuit filed against them in state court.  Alternatively, defendant contends

that plaintiff is not entitled to any reimbursement of defense costs and expenses related to this

lawsuit.

1

I. *Facts*

1.  Plaintiff is a private, mutual insurance company providing medical professional liability insurance policies to health care facilities, including nursing homes.

2.  Defendant Evergreene Properties of North Carolina, LLC ("Evergreene") is a North Carolina limited liability company.

3.  Defendant Alan Curtis, LLC ("Curtis LLC") is a limited liability company organized and existing pursuant to the laws of the State of Arkansas.

4.  Defendant Alan Curtis Enterprises, Inc. ("Curtis Enterprises") is a corporation organized and existing pursuant to the laws of the State of Arkansas.

5.  Defendant Alan Curtis ("Curtis") is a resident of Forrest city, Lee County, Arkansas and is an employee of Alan Curtis Enterprises, Inc.

6.  Evergreene holds the medical needs license for a nursing home facility located in Marianna, Arkansas known as Crestpark Retirement Inn-Marianna ("Crestpark").

7.  Curtis Enterprises pursuant to a  Management Agreement provides certain on-site management and operational services at Crestpark for the benefit of Evergreene.

8.  Plaintiff acquired the policies from Fireman's Fund Insurance company of Ohio and succeeded to the obligations of Fireman's Fund under the policies.

9.  Annie Redden was a resident of Crestpark from July, 1997 through January 9, 2003.

10.  Ms. Redden died in November of  2003.

11.  On March 3, 2005, the Executor of the Estate of Annie Redden filed a lawsuit against Curtis, LLC; Alan Curtis; Evergreene, Curtis Enterprises and several John Doe entities in the

2

Circuit Court of Lee County, Arkansas ("the Underlying Lawsuit").

12.   The Underlying Lawsuit was amended several times with a Fourth Amended

Complaint being filed on December 20, 2006 against Alan Curtis and Evergreene alleging

(1) violations of the Arkansas Long Term Care Residents Rights Act, Ark.Code Ann.§ § 20-10-

1201, *et seq.*; (2) negligence based upon violation of regulations, (3) common law negligence;

(4) wrongful death[1]; and (5) for the first time, a breach of contract claim.[2]

13.   Evergreen timely notified plaintiff of the Underlying Lawsuit and demanded coverage

under the policies for defense and indemnity.

14.   The applicable portions of the primarily policy are found in § I: Professional Liability,

the endorsements to the policy and the section entitled "Common Coverage Provisions."

15.   The super policy incorporates the language and coverage provisions of the primary

policy and provides additional limits of liability coverage.

16.   The period of coverage under both the policies was January 15, 2000 to January 15,

2001, and coverage applies on an "occurrence" basis for claims.

17.   The policies state that the insurer will pay damages and defend only when

the providing or failure to provide professional services occurs during the policy
period shown on the Declarations;

---

[1]Plaintiff's Brief in Opposition to Defendants Motion for Summary Judgment states that
the wrongful death claim was voluntarily dismissed before the filing of the Fourth Amended
Complaint.  Nonetheless, Exhibit B to plaintiff's January 9, 2007 Motion to Modify Scheduling
Order is a copy of the Fourth Amended Complaint which contains a wrongful death claim.
Based upon the Fourth Amended Complaint, the Court will address the issues related to the
wrongful death claim.

[2]For good cause shown, plaintiff's Motion For Leave to Amend Complaint to include a
request for declaratory judgment on the breach of contract claim is granted.   Plaintiff is directed
to file the amended complaint with the Clerk of the Court within five (5) days of this Order.

the providing or failure to provide professional services took place in the coverage
territory.

18.  The primary policy defines "occurrence" as "[o]ccurrence coverage covers claims
arising from incidents that occur while the policy is in force, regardless of when the actual claim
is reported and whether the insured still maintains the policy."

19.  The super policy states that "[i]f [the primary policy] applies on the basis of injury or
damage which occurs during the period of that policy, then this coverage shall apply on the same
basis and in a like manner, provided, however, that this coverage shall only apply to injury or
damage which occurs during Our Policy Period."

20.  By letter of June 27, 2005, plaintiff informed defendants that it would provide a defense
"under protest" and reserved its rights at law and in equity with respect to liability or coverage
under the policies.

21.  By letter of September 16, 2005, plaintiff informed defendants that if it was determined
that it did not have a duty to defend or indemnify, plaintiff was reserving the right to recoup and
seek reimbursement of any and all costs and expenses associated with in providing a defense to
the Underlying Lawsuit.

22.  Plaintiff filed the instant lawsuit seeking a declaratory judgment on its duty to defend
and indemnify on September 22, 2005.

II.  *Discussion*

Summary judgment is appropriate when there is no genuine issue of material fact and the
dispute may be decided solely on legal grounds. *Iowa Coal Min. Co. v. Monroe County*, 257
F.3d 846, 852 (8th  Cir.2001);  Fed. R. Civ. P. 56.  The initial inquiry is whether there are

4

genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Plaintiff contends that it has no duty to indemnify or defend defendants in the state court action because the policies do not cover the claims made in the Underlying Lawsuit which are barred by the applicable statute of limitations.

"[T]he two-year statute of limitations period for medical-malpractice actions set forth in Ark.Code Ann. § 16-114-203 (Supp.2001) applies to all causes of action for medical injury, including wrongful-death actions under Ark.Code Ann. § 16-62-101 (Repl.2005)." *Recinos v. Zelk*, __ S.W. 3d___, 2007 WL 474046 (Ark. 2007).  The statute of limitations for claims for negligence, and statutory causes of action not otherwise provided by statue or case law, is three years.  Ark. Code Ann. § 16-56-105 (Repl. 2005).   The statute of limitations for claims brought under the Arkansas Long Term Care Act is three years.  *See Medical Liability v. Curtis*, No. 4:05CV01317, 2006 WL 3542986 (E.D. Ark. Dec. 8, 2006) (adopting plaintiff's legal theory regarding the applicable statute of limitations).[3]

Because the Underlying Lawsuit was filed on March 3, 2005, the actionable injuries which led to the wrongful death must have occurred after March 3, 2003, and the actionable injuries which led to the negligence and Arkansas Long Term Care Act claims must have occurred after March 3, 2002.  The policies' coverage ended on January 15, 2001 so these claims

---

[3]Plaintiff's alternative legal theories were that the three-year statute of limitations found in Ark. Code Ann. § 16-56-105 applied because claims brought pursuant to Arkansas' long-term care statute sound in tort, or because they are statutory claims not otherwise subject to another limitations period.

would not be covered.

Defendants contend that under a "continuous treatment theory," Ms. Redden's tort claims would be covered by the policies because under this theory, the applicable statute of limitations would be tolled.   In *Medical Liability,* United States District Judge E. Thomas Eisele predicted that because this theory has rarely been applied, has never been applied outside the context of  physician-patient relations, and has been specifically rejected in the context of other types of malpractice, Arkansas's courts would not apply this doctrine to nursing home-client relationships.  This Court agrees with Judge Eisele.

 Moreover, like the Court in *Medical Liability*, this Court does not have to reach the issue since nothing alleged in the Underlying Lawsuit which would support any thing other than a continuing relationship between Ms. Redden and the nursing home while she was a resident, and that she received inadequate care while in the nursing home.  This is not sufficient to state a "continuous treatment" theory. *Id.*

The Court finds that because the actionable injuries could only have occurred after the coverage of the policies ended,  plaintiff has no duty to indemnify defendants for any judgment arising from the tort claims.

Using this same reasoning on the breach of contract claim, which was first made on December 20, 2006, the events which led to the breach of contract claim must have occurred after December 20, 2001 as the statute of limitations for a breach of contract is five years.  Ark. Code Ann. § 16-56-111.  Coverage under the policies ended on January 15, 2001.  Under this reasoning, the contract claim would not be covered by the policies.

However, defendants contend that Ms. Redden's breach of contract claim relates back to the initial filing of the complaint in March of 2005.   If this were the case, the events which led to the breach of contract claim could have occurred after March of 2000 and before January 15, 2001 which was within the period of coverage.

Plaintiff argues that the statute of limitations bars the claim if the limitations period has expired before the filing of the amended complaint and cite the Court to *Malvern Brick & Tile Co. v. Alexander,* 224 Ark. 74, 85, 272 S.W.2d 77, 82 (1954) and *Davis v. Crisp*, 159 Ark. 335, 252 S.W. 606 (1923) in support of their argument.

Defendants reply that these cases predate the advent of Rule 15(c) of the Arkansas Rules of Civil Procedure which states that an amendment always relates back when "the claim or defense arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading."

In diversity cases federal courts apply federal law as to matters of procedure and state law to substantive matters.  *See Hiatt v. Mazda Motor Corp*, 75 F.3d 1252 (8th Cir. 1996).  "[T]he issue of relation back is one of procedure and is controlled by the Federal Rules of Civil Procedure."  *Crowder v. Gordons Transports, Inc.*, 387 F.2d 413, 418, rev'd on other grounds, 419 F.2d 480 (8th Cir. 1969); *Butler ex rel. Butler, Estate of v. Maharishi University of Management*, 460 F. Supp. 2d 1030, (S.D. Iowa 2006).[4]

---

[4]Under Rule 15(c)(1) state law should apply if it would provide "a more expansive view of the principle of relation back than that found in Rule 15." *Remmes v. International Flavors & Fragrances, Inc.*, 453 F. Supp. 2d 1058 (N.D. Iowa 2006) (explaining Fed.R.Civ.P. 15(c)(1) advisory committee's note).  In this case, the Arkansas procedural rule uses the same language as the federal rule.

7

Under Federal Rule of Civil Procedure 15(c)(2) "An amendment of a pleading relates back to the date of the original pleading when . . . the claim . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

The fact that the amended complaint adds a new cause of action is not relevant.   "It is the facts well pleaded, not the theory of recovery or legal conclusions that state a cause of action and put a party on notice."  *Hopkins v. Saunders*, 199 F.3d 968, 973 (1999).

The original pleading stated that Ms. Redden was admitted to the nursing home owned by Evergreene in 2000 and that the nursing home failed to treat her known health problems.  The December, 2006 complaint states that upon becoming a resident at the nursing home, Ms. Redden entered into an express or implied contract and that the nursing home violated the contract by failing to treat her known health problems.

Ms. Redden's breach of contract claim arises out of her admission to the nursing home and the nursing home's subsequent treatment of her.  These facts were plead and set forth in the original pleading resulting in Ms. Redden's breach of contract claim relating back to the initial filing of the complaint in March of 2005.

That being the case, the events which led to the breach of contract claim could have occurred after March of 2000 and before January 15, 2001 which was within the policies period. Because the policies' coverage applies to the contract claim, plaintiff has a duty to indemnify and to defend for any judgment arising from the claims based upon a violation of an alleged contract.

In *Medical Liability* Judge Eisele held that "the Arkansas Supreme Court would apply the majority rule and hold that when an action against an insured involves both covered and

noncovered claims, the insurer has a duty to defend the entire action." *Medical Liability v. Curtis*, No. 4:05CV01317, 2006 WL 3542986 (E.D. Ark. Dec. 8, 2006) . This Court agrees and finds that because the contract claim is a covered claim, plaintiff has a duty to defend all claims against Evergreene in the Underlying Lawsuit.

It is not alleged in the fourth amended complaint that defendant Curtis had a contract with Ms. Redden which alleviates any need for plaintiff to indemnify or defend Curtis on the contract claim.[5]  Because there is no contract claim against Curtis, there is no duty to defend any of the claims against this defendant.

Plaintiff also seeks a declaration that it has no duty to indemnify defendants for punitive damages.  The only claim left for which plaintiff might indemnify Evergreene is the contract claim.  As stated by Judge Eisele, "It seems unlikely that punitive damages will be awarded on the breach of contract claim . . .. Generally, punitive damages are not recoverable in a breach of contract action. . . . However, exceptions to this general rule have been recognized.  For example, punitive damages may be awarded in a contract action when a malicious or willful act accompanies the breach." *Id.* (Citations omitted).

Plaintiff urges the Court to differ with Judge Eisele's rejection of its argument that allowing indemnification for punitive damages arising from intentional or intentional conduct contravenes Arkansas's public policy.  The Court declines to do so as it agrees with Judge Eisele that "the greater risk to good public policy . . . is for insurance companies to issue policies which appear to provide coverage for punitive damages, and then call upon the courts to rewrite the

---

[5]In the Underlying Lawsuit defendant Curtis' actions are imputed to Evergreene and he is named as a defendant "only for the actions and omissions that occurred within the scope of the express or apparent authority granted to him by [Evergreene]."

policy to eliminate coverage for which the insured contracted, paid and relied upon." *Id.*[6]

Because it cannot be determined at this point if punitive damages will be awarded against Evergreene in the Underlying Lawsuit, the Court will follow Judge Eisele's lead and find that "it is premature to consider the issue further." *Id.*

Finally, plaintiff, while seeking a declaratory judgment as to its duty under the policy, also seeks to recoup its defense costs in connection with the Underlying Lawsuit. Again, the Court agrees with the reasoning of Judge Eisele that assuming, without deciding, that Arkansas would even recognize the right to reserve the right to seek reimbursement for defense cost, the insurer must timely notify the insured in clear and unambiguous terms of its intent to seek reimbursement. *Id.*

Here, plaintiff has failed to meet that test. The letter of June 27, 2005 is insufficient to give notice or reserve any right to reimbursement, and the letter of September 16, 2005, while specifically giving notice and reserving its right to reimbursement, was sent too late. *See Id.* The September, 2005 letter was sent approximately six and one-half months after the Underlying Lawsuit was filed in March of 2005 and six days before this instant law suit was filed.

---

[6]Plaintiff does not contend that the language of the policies specifically exclude punitive damages.

10

III.  *Conclusion*

Plaintiff's motion is denied in part and granted in part and defendants' motion is denied in part and granted in part.  A separate Judgment administratively terminating this case will be entered accordingly.

IT IS SO ORDERED THIS   7   day of   March , 2007.


James M. Moody
United States District Court